LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9396 GAF (MRWx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | Mei Zhu He et al v. Bradford White Corporation | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

**ORDER TO SHOW CAUSE**

On November 25, 2013, Plaintiffs Mei Zhu He, Al Hua Pang, and Elizabeth Tao (collectively, "Plaintiffs") filed suit against Bradford White Corporation ("Defendant") in the Superior Court for the County of Los Angeles. On December 20, 2013, Defendant timely removed the case to federal court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 1 [Notice of Removal ("Not.")] at 1–2.) However, the Court is unable to determine whether it has jurisdiction over this matter because Defendant's jurisdictional allegations are deficient.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e., every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). Allegations of residence are insufficient to establish jurisdiction. Instead, citizenship is determined by a person's domicile—"[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." Kanter v. Warner-Lambert Co., 265 F.2d 853, 857–58 (9th Cir. 2001). Additionally, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(a).

Defendant Bradford White Corporation alleges that diversity jurisdiction exists because this is a civil action between citizens of different states, and the matter in controversy exceeds

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9396 GAF (MRWx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | Mei Zhu He et al v. Bradford White Corporation | | |

$75,000.  (Not. at 2–3.)  However, the Notice only states that "plaintiffs are residents of the State of California."  (Id. at 3.)  And residence does not equal citizenship.  See Kanter, 265 F.2d at 857–58.  Defendant has not alleged Plaintiffs' state of domicile or permanent home, and therefore has failed to allege their citizenship.  It is therefore unclear if the diversity requirement is met.

      Accordingly, Defendant Bradford White Corporation is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  Defendant's response is due by the close of business on Friday, February 7, 2014.  **Failure to respond will be deemed consent to dismissal of the action**.  The hearing on Defendant's motion to dismiss, currently scheduled for February 10, 2014, is therefore continued to Monday, February 24, 2014.

      **IT IS SO ORDERED.**